IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PRENTISS ROBINSON,

    Petitioner,                    No. CIV S-11-2701 EFB P

    vs.

RICK HILL, Warden,

    Respondent.                 ORDER

                                    /

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254.  He challenges the decision of the California Board of Parole Hearings ("Board") to deny him parole at a parole consideration hearing held on August 5, 2009. Dckt. No. 1.[1] Petitioner claims that the Board's 2009 decision was unconstitutional because it was not supported by some evidence of his current dangerousness. *Id.* at 7-36.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

        Petitioner has paid the filing fee and has also filed a motion seeking leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a).  Because petitioner has paid the filing fee, his motion

---

[1] For ease of reference, all references to page numbers in the petition are to those assigned via the court's electronic filing system.

1

for leave to proceed in forma pauperis will be denied as unnecessary. In addition, for the reasons explained below, the court finds that petitioner's application for a writ of habeas corpus must be dismissed. *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

## I. Due Process Claim

Petitioner alleges that the Board's decision violated his right to due process because it was not supported by some evidence of petitioner's current dangerousness. Dckt. No. 1 at 8, 11-36. Under California law, a prisoner is entitled to release unless there is "some evidence" of his or her current dangerousness. *In re Lawrence*, 44 Cal. 4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal. 4th 696, 651-53 (2002). According to the United States Supreme Court, however, federal habeas review of a parole denial is limited to the narrow question of whether a petitioner has received "fair procedures." *Swarthout v. Cooke*, 526 U.S. __, ___, 131 S.Ct. 859, 862 (2011). In other words, a federal court may only review whether a petitioner has received a meaningful opportunity to be heard and a statement of reasons why parole was denied. *Id.* (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"). Thus, this court may not review whether the Board correctly applied California's "some evidence" standard. *Id.* at 861.

Petitioner does not allege that he was not afforded constitutionally adequate process as defined in *Swarthout* – that is, that he was denied a meaningful opportunity to be heard or a statement of reasons why the Board denied him parole. Rather, it appears from the petition that petitioner was given the opportunity to be heard at his 2009 parole suitability hearing and received a statement of the reasons why parole was denied. *See* Dckt. No. 1 at 90-186 (reflecting both petitioner's participation in the hearing and the Board's reasons for denying parole). This is

////

all that due process requires. *Swarthout*, 131 S.Ct. at 862-63. Accordingly, petitioner is not entitled to relief on his due process claim.

## II. Conclusion

Based on the foregoing, the court concludes that the petition should be summarily dismissed for failure to state a cognizable claim. There is no basis for concluding that a tenable claim for relief could be pleaded if leave to amend were granted. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted).

Accordingly, it is hereby ORDERED that:

1. Petitioner's request for leave to proceed *in forma pauperis* is denied as unnecessary;

2. Petitioner's application for a writ of habeas corpus is dismissed;

3. The Clerk is directed to close the case;

4. The Court declines to issue a certificate of appealability.

5. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's October 13, 2011 petition for a writ of habeas corpus with any and all attachments on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California.

DATED: January 6, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3